UNITED STATES of America,
Plaintiff–Appellee,

v.

Mauricio GUZMAN–GUZMAN, also
known as Mauricio Garcia–Guz-
man, Defendant–Appellant.

No. 05–50492
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 25, 2006.

Joseph H. Gay, Jr., Assistant U.S. At-
torney, U.S. Attorney's Office, Western
District of Texas, San Antonio, TX, for
Plaintiff–Appellee.

George W. Aristotelidis, Law Offices of
Jorge Aristotelidis, San Antonio, TX, for
Defendant–Appellant.

Before DAVIS, BARKSDALE, and
BENAVIDES, Circuit Judges.

PER CURIAM: *

Mauricio Guzman–Guzman (Guzman)
pleaded guilty to count 1 of an indictment
charging him with conspiracy to transport
illegal aliens. The district court deviated
from the guideline range by 12 months in
sentencing Guzman to a 69–month term of
imprisonment and to a three-year period
of supervised release. Guzman gave time-
ly notice of his appeal.

Guzman contends that the district court
erred in deviating upward from the guide-
line imprisonment range. *See United
States v. Smith,* 440 F.3d 704, 707 (5th
Cir.2006). "A non-Guideline sentence un-
reasonably fails to reflect the statutory
sentencing factors where it (1) does not
account for a factor that should have re-
ceived significant weight, (2) gives signifi-
cant weight to an irrelevant or improper
factor, or (3) represents a clear error of
judgment in balancing the sentencing fac-
tors." *Id.* at 708.

Guzman complains that the district court
failed to express the reasons for its sen-
tence in writing, contrary to 18 U.S.C.
§ 3553(c)(2). This contention is not sup-
ported by the record. Written reasons
were provided and put under seal.

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Guzman contends that the 12–month deviation created an unwarranted sentencing disparity between Guzman and defendants with similar records who were found guilty of similar conduct. Guzman complains that one of his codefendants, Leonel Guzman–Guzman (Leonel Guzman), was sentenced within the guidelines range. Because Leonel Guzman was not similarly situated, it was reasonable for the district court to sentence Leonel Guzman within the guideline range but to deviate from the Guidelines in sentencing Guzman. *See United States v. Duhon,* 440 F.3d 711, 720–21 (5th Cir.2006), *petition for cert. filed* (May 18, 2006).

Guzman also complains that his codefendant, Pascual Zapata–Torres (Zapata), had a significantly more serious criminal history category of VI and that Zapata's behavior was particularly cruel and abusive, but that the district court departed downward in sentencing Zapata because Zapata rendered substantial assistance to the Government. As Guzman concedes, this court has recognized the provision of substantial assistance to the Government as a legitimate reason for distinguishing between defendants. *See Duhon,* 440 F.3d at 720–21.

AFFIRMED.